JUSTICE GRAY
specially concurring.
I concur in the Court’s opinion on this purely legal certified question and in its straightforward analysis and interpretation of the statute at issue and its application to the facts before us. As a result of emotional and unsupported oral arguments made by counsel for Dr. Jett, I specially concur here in order to address briefly what this case is not about.
This is not an abortion case or a case related in any way to a woman’s constitutional right to privacy and to an abortion under Roe v. Wade (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147. The termination of a pregnancy by abortion is an intentional, consensual act by a woman and her physician which the law specifically allows. The case before us, like virtually all wrongful death actions, is based on an allegation that the pregnancy was terminated by the wrongful act or omission of Dr. Jett; that is, it is an action based in negligence.
Counsel’s related, but ill-developed, arguments that permitting a wrongful death action -under these facts would somehow criminalize abortion or conflict with Uniform Probate Code provisions are equally unsupportable. Counsel cited no authority whatsoever in support of her arguments that our holding in this case would have the adverse and dire consequences she predicts.
Given the fact that at least 32 states allow a wrongful death action ■under facts similar to those before us, counsel’s total failure to support the arguments advanced is notable, indeed. The purpose or intent of such arguments can only be a matter of speculation. Suffice it to say that the arguments were not grounded in legal analyses or interpretation.
JUSTICE TRIEWEILER and JUSTICE NELSON join in the foregoing special concurrence of JUSTICE GRAY.